**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| JULIET MURPHY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>Defendants. | Consolidated Case No.: 4:21-cv-00178-ALM<br>Judge Mazzant |

## <u>DEFENDANT TOYOTA MOTOR CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT</u>

Defendant Toyota Motor Corporation ("TMC") submits its Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Complaint and states as follows:

### PREFATORY STATEMENTS

Though the allegations in Plaintiffs' Amended Complaint are generally asserted against "Toyota" as a group, TMC responds to Plaintiffs' Amended Complaint on its behalf only and not on behalf of any other Toyota entity, including Toyota Motor Sales, U.S.A., Inc. ("TMS"), Toyota Motor North America, Inc. ("TMNA"), and Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA").

Except as otherwise expressly admitted herein, TMC denies each and every allegation contained in the Amended Complaint.  TMC further denies that Plaintiffs' claims are appropriate for treatment as a class action and denies that Plaintiffs can meet the requirements necessary for class certification.  TMC also denies all allegations contained in any unnumbered paragraphs and/or headings in Plaintiffs' Amended Complaint and denies all allegations in Plaintiffs' Amended Complaint not specifically admitted.

## "INTRODUCTION"

1.      TMC admits that the Amended Complaint purports to seek relief for alleged breach of warranty and other claims.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.  Except as otherwise admitted, TMC denies the allegations in Paragraph 1.

2.      TMC admits that it is involved in the "manufacture" of some of the 2013–2018 model year RAV4 vehicles.  TMC denies that it sells Toyota motor vehicles in the United States.  To the extent any remaining allegations are directed to TMC, those allegations are denied.  Except as otherwise admitted, TMC denies the allegations in Paragraph 2.

3.      TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.  TMC admits that it is responsible for the overall design, development, and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles in this case.  TMC also manufactures and/or assembles, in the ordinary course of business, numerous models of Toyota motor vehicles, including some of the 2013–2018 model year RAV4 vehicles in this case.  The remaining allegations in Paragraph 3 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Except as otherwise admitted, TMC denies the allegations in Paragraph 3.

4.      TMC denies the allegations in Paragraph 4.  The allegations in the first sentence of Paragraph 4 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

5.      TMC denies the allegations in Paragraph 5.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

6.     The allegations in the first sentence of Paragraph 6 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 6.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

7.     The allegations in Paragraph 7 are conclusions of law for which no responsive pleading is needed.   TMC nonetheless denies the allegations in Paragraph 7, and disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

8.     TMC denies the allegations in Paragraph 8.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

9.     The allegations in Paragraph 9 are conclusions of law for which no responsive pleading is needed.  TMC nonetheless denies the allegations in Paragraph 9, and Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"JURISDICTION AND VENUE"**

10.    The allegations in Paragraph 10 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies that Plaintiffs or anyone else suffered any monetary loss and/or any other injury.  TMC further denies that this action is suitable for class action treatment.  TMC admits that there is minimal diversity because at least one member of the proposed class and one defendant are citizens of different States.  Except as otherwise admitted, TMC denies the allegations in Paragraph 10.

11.    The allegations in Paragraph 11 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC also lacks information sufficient to admit or deny

the allegations in Paragraph 11, as it does not distinguish between the Defendants.  To the extent that Paragraph 11 refers to TMC by its use of "Toyota," TMC denies that its headquarters are located in this District.

12.    The allegations in Paragraph 12 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC also lacks information sufficient to admit or deny the allegations in Paragraph 12, as it does not distinguish between Defendants.  To the extent that Paragraph 12 refers to TMC by its use of "Toyota," TMC denies that its headquarters are located in this District.

**"PARTIES"**

**"Plaintiffs"**

**"Michigan Plaintiff Juliet Murphy"**

13.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 13.

14.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 14.

15.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 15.

16.    TMC lacks sufficient information to admit or deny the allegations in Paragraph 16.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

17.    TMC lacks sufficient information to admit or deny the allegations in Paragraph 17.

18.    TMC lacks information sufficient to admit or deny the allegations in the first and second sentences of Paragraph 18.  The remaining allegations of Paragraph 18 are conclusions of law for which no responsive pleading is required.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

19.    TMC admits that 2013–2018 model year RAV4 vehicles have not been recalled for the alleged issues regarding the batteries.  TMC lacks information sufficient to admit or deny the remaining allegations in Paragraph 19.  TMC disputes Plaintiffs' characterization of its vehicles

and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.  Except as otherwise admitted, TMC denies the allegations in Paragraph 19.

20.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 20.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

21.     The allegations in Paragraph 21 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

        **"California Plaintiff Penni Lavoot"**

22.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 22.

23.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 23.

24.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 24.

25.     TMC lacks sufficient information to admit or deny the allegations in Paragraph 25.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

26.     TMC lacks sufficient information to admit or deny the allegations in Paragraph 26.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

27.     TMC admits that 2013–2018 model year RAV4 vehicles have not been recalled for the alleged issues regarding the batteries.  TMC lacks information sufficient to admit or deny the remaining allegations in Paragraph 27.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.  Except as otherwise admitted, TMC denies the allegations in Paragraph 27.

28.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 28.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

29.     The allegations in Paragraph 29 are conclusions of law for which no responsive pleading is required, and which are therefore denied.   TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

**"Texas Plaintiff Ranay Flowers"**

30.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 30.

31.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 31.

32.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 32.

33.     TMC lacks sufficient information to admit or deny the allegations in Paragraph 33.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

34.     TMC lacks sufficient information to admit or deny the allegations in Paragraph 34.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

35.     TMC lacks information sufficient to admit or deny the allegations in the first and second sentences of Paragraph 35.  The remaining allegations of Paragraph 35 are conclusions of law for which no responsive pleading is required.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

36.     TMC lacks information sufficient to admit or deny the allegations in the first and second sentences of Paragraph 36.  The remaining allegations of Paragraph 36 are conclusions of law for which no responsive pleading is required.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

37.     TMC admits that 2013–2018 model year RAV4 vehicles have not been recalled for the alleged issues regarding the batteries.  TMC lacks information sufficient to admit or deny the remaining allegations in Paragraph 37.  TMC disputes Plaintiffs' characterization of its vehicles

and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.  Except as otherwise admitted, TMC denies the allegations in Paragraph 37.

38.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 38.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

39.     The allegations in Paragraph 39 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

**"Florida Plaintiff Paola Guevara"**

40.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 40.

41.     TMC lacks information sufficient to admit or deny the allegations in the first sentence of Paragraph 41.  TMC admits that it is responsible for the overall design, development, and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles in this case.  TMC also manufactures and/or assembles, in the ordinary course of business, numerous models of Toyota motor vehicles, including some of the 2013–2018 model year RAV4 vehicles in this case.  Except as otherwise admitted, TMC denies the allegations in Paragraph 41.

42.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 42.

43.      TMC lacks information sufficient to admit or deny the allegations in Paragraph 43.

44.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 44.  The remaining allegations of Paragraph 44 are conclusions of law for which no responsive pleading is required.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

45.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 45.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

46.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 46.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

47.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 47.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

48.     The allegations in the first sentence of Paragraph 48 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 48.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

**"Illinois Plaintiff Lee Krukowski"**

49.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 49.

50.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 50.  TMC admits that it is responsible for the overall design, development, and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles in this case.  TMC also manufactures and/or assembles, in the ordinary course of business, numerous models of Toyota motor vehicles, including some of the 2013–2018 model year RAV4 vehicles in this case.   Except as otherwise admitted, TMC denies the allegations in Paragraph 50.

51.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 51.

52.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 52.

53.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 53.  The remaining allegations of Paragraph 53 are conclusions of law for which no responsive pleading is required.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

54.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 54.

55.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 55.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

56.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 56.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

57.     The allegations in the first sentence of Paragraph 57 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 57.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

**"New Hampshire Plaintiff Pamela Woodman"**

58.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 58.

59.     TMC lacks information sufficient to admit or deny the allegations in the first sentence of Paragraph 59.   TMC admits that it is responsible for the overall design, development, and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles in this case.  TMC also manufactures and/or assembles, in the ordinary course of business, numerous models of Toyota motor vehicles, including some of the 2013–2018 model year RAV4 vehicles in this case.  Except as otherwise admitted, TMC denies the allegations in Paragraph 59.

60.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 60.

61.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 61.

62.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 62.  The remaining allegations of Paragraph 62 are conclusions of law for which no responsive pleading is required.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

63.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 63.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

64.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 64.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

65.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 65.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

66.    The allegations in the first sentence of Paragraph 66 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 66.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

**"Missouri Plaintiff Kris Huchteman"**

67.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 67.

68.    TMC lacks information sufficient to admit or deny the allegations in the first sentence of Paragraph 68.   TMC admits that it is responsible for the overall design, development, and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles in this case.  TMC also manufactures and/or assembles, in the ordinary course of business, numerous models of Toyota motor vehicles, including some of the 2013–2018 model year RAV4 vehicles in this case.  Except as otherwise admitted, TMC denies the allegations in Paragraph 68.

69.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 69.

70.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 70.

71.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 62.  The remaining allegations of Paragraph 62 are conclusions of law for which no responsive pleading is

required.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

72.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 72.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

73.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 73.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

74.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 74.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

75.     The allegations in the first sentence of Paragraph 75 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 75.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

**"Texas Plaintiff Melissa Willis"**

76.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 76.

77.     TMC lacks information sufficient to admit or deny the allegations in the first sentence of Paragraph 77.  TMC admits that it is responsible for the overall design, development, and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles in this case.  TMC also manufactures and/or assembles, in the ordinary course of business, numerous models of Toyota motor vehicles, including some of the 2013–2018 model year RAV4 vehicles in this case.  Except as otherwise admitted, TMC denies the allegations in Paragraph 77.

78.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 78.

79.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 79.

11

80.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 80.

81.     TMC lacks sufficient information to admit or deny the allegations in Paragraph 81. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

82.     TMC lacks sufficient information to admit or deny the allegations in Paragraph 82. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

83.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 83.

84.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 84. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

85.     The allegations in Paragraph 85 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

86.     The allegations in the first sentence of Paragraph 86 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 86.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

**"Connecticut Plaintiff Joan Larned"**

87.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 87.

88.     TMC lacks information sufficient to admit or deny the allegations in the first sentence of Paragraph 88.  TMC admits that it is responsible for the overall design, development, and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles in this case.  TMC also manufactures and/or assembles, in the ordinary course of business, numerous models of Toyota motor vehicles,

including some of the 2013–2018 model year RAV4 vehicles in this case.  Except as otherwise admitted, TMC denies the allegations in Paragraph 88.

89.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 89.

90.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 90.

91.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 91.

92.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 92. The remaining allegations of Paragraph 92 are conclusions of law for which no responsive pleading is required.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

93.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 93.

94.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 94. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

95.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 95. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

96.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 96. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

97.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 97. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

**"Florida Plaintiffs James Charles and Angela Charles"**

98.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 98.

99.     TMC lacks information sufficient to admit or deny the allegations in the first sentence of Paragraph 99.  TMC admits that it is responsible for the overall design, development,

and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles in this case.  TMC also manufactures and/or assembles, in the ordinary course of business, numerous models of Toyota motor vehicles, including some of the 2013–2018 model year RAV4 vehicles in this case.  Except as otherwise admitted, TMC denies the allegations in Paragraph 99.

100.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 100.

101.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 101.

102.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 102.

103.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 103.  The remaining allegations of Paragraph 103 are conclusions of law for which no responsive pleading is required.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

104.    TMC lacks sufficient information to admit or deny the allegations in Paragraph 104.

105.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 105.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

106.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 106.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

107.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 107.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

108.    The allegations in the first sentence of Paragraph 108 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 108.  TMC disputes

Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

**"New Jersey Plaintiff Maria Mora"**

109.    TMC lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 109.

110.    TMC lacks information sufficient to admit or deny the allegations in the first sentence of Paragraph 110.  TMC admits that it is responsible for the overall design, development, and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles in this case.  TMC also manufactures and/or assembles, in the ordinary course of business, numerous models of Toyota motor vehicles, including some of the 2013–2018 model year RAV4 vehicles in this case.  Except as otherwise admitted, TMC denies the allegations in Paragraph 110.

111.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 111.

112.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 112.

113.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 113.

114.    TMC lacks sufficient information to admit or deny the allegations in Paragraph 114. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

115.    TMC lacks sufficient information to admit or deny the allegations in Paragraph 115. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

116.    TMC lacks sufficient information to admit or deny the allegations in Paragraph 116. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

117.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 117. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

118.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 118. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

119.    The allegations in Paragraph 119 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

120.    The allegations in the first sentence of Paragraph 120 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 120.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for a reasonable claim.

**"Defendants"**

**"Toyota Motor Corporation"**

121.    TMC admits that is a Japanese corporation, headquartered at 1 Toyota-Cho, Toyota City, Aichi Prefecture, 471-8571, Japan.  TMC also admits that it is the parent corporation of TMS, and that TMC is involved in designing and manufacturing vehicles for sale in the United States. Except as otherwise admitted, TMC denies the allegations in Paragraph 121.

**"Toyota Motor Sales, U.S.A., Inc."**

122.    The allegations contained in Paragraph 122 are directed to TMS and require no response by TMC.

**"Toyota Motor North America"**

123.    The allegations contained in Paragraph 123 are directed to TMNA and require no response by TMC.

**"Toyota Engineering & Manufacturing North America, Inc."**

124.    The allegations contained in Paragraph 124 are directed to TEMA and require no response by TMC.

125.    The allegations contained in Paragraph 125 are directed to TEMA and require no response by TMC.

126.    TMC admits that Plaintiff purports to collectively refer in this Amended Complaint to TMS, TMC, TMNA, and TEMA as "Toyota" or "Defendants."

127.    TMC lacks sufficient information to admit or deny the allegations in Paragraph 127, as this averment does not distinguish between Defendants.  To the extent TMC is included in the reference to "Toyota Defendants" in Paragraph 127, TMC admits that it is responsible for the overall design, development, and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles.  TMC also manufactures and/or assembles, in the ordinary course of business, numerous models of Toyota vehicles, including some of the 2013–2018 model year RAV4 vehicles.  TMC does not market or sell Toyota motor vehicles in the continental United States, and TMC was not involved in the testing, advertising, marketing, distribution, or retail sale of the U.S. bound 2013–2018 model year RAV4 vehicles.  Except as otherwise admitted, TMC denies the allegations in Paragraph 82.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

128.    The allegations in Paragraph 128 are conclusions of law for which no responsive pleading is needed, and which are therefore denied.

129.    TMC admits that its employees communicate with employees of TMS, TMNA, and TEMA as necessary.  The remaining allegations in Paragraph 129 are conclusions of law for which no responsive pleading is needed, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.  Except as otherwise admitted, TMC denies the allegations in Paragraph 129.

130.    The allegations contained in Paragraph 130 are directed to TMS and require no response by TMC.

131.    TMC admits that new Toyota vehicles sold through authorized dealers include a window (or "Monroney") sticker with certain information about the vehicle, as required by law. TMC lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 131.   TMC also lacks information sufficient to admit or deny the allegations in Paragraph 131, as this averment does not distinguish between Defendants.   To the extent that Paragraph 131 refers to TMC by its use of "Toyota," TMC denies those allegations.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.  Except as otherwise admitted, TMC denies the allegations in Paragraph 131.  The remaining allegations are conclusions of law for which no responsive pleading is needed, and which are therefore denied.

132.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 132 because this averment does not distinguish between Defendants.  To the extent that Paragraph 132 refers to TMC by its use of "Toyota," TMC develops the owner's manuals and the maintenance recommendations and/or schedules for models of Toyota motor vehicles, including the 2013–2018 model year RAV4 vehicles in this case.  Paragraph 132 is vague in its reference to "marketing materials," and for this reason, TMC lacks knowledge or information sufficient to respond to those allegations.   TMC also lacks information sufficient to admit or deny the allegations in Paragraph 87 about Plaintiffs' and putative class members' exposure to "marketing materials." Except as otherwise admitted, TMC denies the allegations in Paragraph 132.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

133.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 133, as this averment does not distinguish between Defendants.  To the extent that Paragraph 133 refers to TMC by its use of "Toyota," TMC denies those allegations.   TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

134.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 134, as this averment does not distinguish between Defendants.  To the extent that Paragraph 134 refers to TMC by its use of "Toyota," TMC admits that it is responsible for the overall design, development, and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles in this case.  TMC also admits that it is involved in the "manufacture" of some of the 2013–2018 model year RAV4 vehicles.  Except as otherwise admitted, TMC denies the allegations in Paragraph 134.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

135.     TMC lacks information sufficient to admit or deny the allegations in Paragraph 135, as this averment does not distinguish between Defendants.  To the extent that Paragraph 135 refers to TMC by its use of "Toyota," TMC denies those allegations.  The remaining allegations in Paragraph 135 are conclusions of law for which no responsive pleading is needed, and which are therefore denied.

136.     Paragraph 136 is duplicative of Paragraph 134, and TMC hereby incorporates its response to Paragraph 134.  TMC also lacks information sufficient to admit or deny the allegations in Paragraph 136, as this averment does not distinguish between Defendants.  To the extent that Paragraph 136 refers to TMC by its use of "Toyota," TMC admits that it is responsible for the overall design, development, and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles in this case.  TMC also admits that it is involved in the "manufacture" of some of the 2013–2018 model year RAV4 vehicles.  Except as otherwise admitted, TMC denies the allegations in Paragraph 136.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

137.     The allegations in Paragraph 137 are conclusions of law for which no responsive pleading is needed, and which are therefore denied.

## "FACTUAL ALLEGATIONS"

### "The Nature of the Battery Defect"

138.    TMC generally admits that Paragraph 138 generally discusses the functioning of a 12V car battery, although the allegations do not clearly refer to specific vehicle models, and for that reason TMC lacks sufficient information to admit or deny the remaining allegations in this paragraph.  Except as expressly admitted, TMC denies the allegations in Paragraph 138.

139.    TMC generally admits that Paragraph 139 generally discusses the functioning of a 12V car battery, although the allegations do not clearly refer to specific vehicle models, and for that reason TMC lacks sufficient information to admit or deny the remaining allegations in this paragraph.  Except as expressly admitted, TMC denies the allegations in Paragraph 139.

140.    TMC generally admits that Paragraph 140 generally discusses the functioning of a 12V car battery, although the allegations do not clearly refer to specific vehicle models, and for that reason TMC lacks sufficient information to admit or deny the remaining allegations in this paragraph.  Except as expressly admitted, TMC denies the allegations in Paragraph 140.

141.    TMC generally admits that Paragraph 141 generally discusses the functioning of a 12V car battery, although the allegations do not clearly refer to specific vehicle models, and for that reason TMC lacks sufficient information to admit or deny the remaining allegations in this paragraph.  Except as expressly admitted, TMC denies the allegations in Paragraph 141.

142.    TMC generally admits that Paragraph 142 generally discusses the functioning of a 12V car battery, although the allegations do not clearly refer to specific vehicle models, and for that reason TMC lacks sufficient information to admit or deny the remaining allegations in this paragraph.  Except as expressly admitted, TMC denies the allegations in Paragraph 142.

143.    TMC lacks sufficient information to admit or deny the allegations in Paragraph 143 relating to other vehicle manufacturers.  TMC admits that the recommended and appropriately sized 12V batteries used in the 2013–2018 model year RAV4 vehicles are properly secured in the engine compartment upon vehicle delivery and when serviced properly.  In addition, TMC admits that the battery positive terminal and terminal clamp are covered with a cap upon vehicle delivery

20

and when serviced properly.  Except as expressly admitted, TMC denies the allegations in Paragraph 143.

144.    TMC denies the allegations in Paragraph 144.  TMC admits that the recommended and appropriately sized 12V batteries used in the 2013–2018 model year RAV4 vehicles are properly secured in the engine compartment upon vehicle delivery and when serviced properly.  In addition, TMC admits that the battery positive terminal and terminal clamp are covered with a cap upon vehicle delivery and when serviced properly.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.  Except as expressly admitted, TMC denies the allegations in Paragraph 144.

145.    TMC denies the allegations in Paragraph 145.  TMC admits that the recommended and appropriately sized 12V batteries used in the 2013–2018 model year RAV4 vehicles are properly secured in the engine compartment upon vehicle delivery and when serviced properly.  In addition, TMC admits that the battery positive terminal and terminal clamp are covered with a cap upon vehicle delivery and when serviced properly.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.  Except as expressly admitted, TMC denies the allegations in Paragraph 145.

146.    TMC admits that problems may occur when the recommended and appropriately sized 12V batteries used in the 2013–2018 model year RAV4 vehicles are not installed properly, non-Toyota specified batteries are installed or if a vehicle battery, battery terminal clamp or battery clamp is not properly serviced.  TMC also admits that the recommended and appropriately sized 12V batteries used in the 2013–2018 model year RAV4 vehicles are properly secured in the engine compartment upon vehicle delivery and when serviced properly.  In addition, TMC admits that the battery positive terminal and terminal clamp are covered with a cap upon vehicle delivery and when serviced properly.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle

components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.  Except as expressly admitted, TMC denies the allegations in Paragraph 146.

147.    TMC admits that problems may occur when the recommended and appropriately sized 12V batteries used in the 2013–2018 model year RAV4 vehicles are not installed properly, non-Toyota specified batteries are installed or if a vehicle battery, battery terminal clamp or battery clamp is not properly serviced.  TMC also admits that the recommended and appropriately sized 12V batteries used in the 2013–2018 model year RAV4 vehicles are properly secured in the engine compartment upon vehicle delivery and when serviced properly.  In addition, TMC admits that the battery positive terminal and terminal clamp are covered with a cap upon vehicle delivery and when serviced properly.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.  Except as expressly admitted, TMC denies the allegations in Paragraph 147.

**"The Class Vehicles Suffer from the Battery Defect"**

148.    TMC denies the allegations in Paragraph 148.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

149.    Paragraph 149 is vague in its reference to "report[]," and for this reason, TMC lacks knowledge or information sufficient to respond to the allegations in Paragraph 149.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

150.    Paragraph 150 purports to characterize a document that speaks for itself.  TMC admits that on April 6, 2021, the National Highway Traffic Safety Administration opened a preliminary evaluation "to investigate allegations of engine compartment fire, sudden loss of electrical power and/or vehicle stalling attributed to the 12V battery B+ terminal short-circuiting to the battery hold down frame in certain model year (MY) MY 2013-2018 Toyota RAV4 vehicles manufactured by Toyota Motor Corporation (Toyota)."  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have

any basis for any actionable claim.  Except as otherwise admitted, TMC denies the allegations in Paragraph 150.

151.    Paragraph 151 is vague in its reference to "report[]," and for this reason, TMC lacks knowledge or information sufficient to respond to the allegations in Paragraph 151.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

**"Toyota's Knowledge of the Battery Defect's Safety Implications"**

152.    Paragraph 152 purports to describe a publicly available database, the contents of which speak for itself.

153.    Paragraph 153 purports to convey information from publicly available sources that speak for themselves.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

154.    Paragraph 154 purports to quote from various websites or other sources that speak for themselves.  To the extent that Paragraph 154 contains any factual allegations, TMC denies those allegations.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

155.    To the extent that "Toyota" in the first sentence of Paragraph 155 refers to TMC, TMC denies those allegations.  The remaining allegations in Paragraph 155 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

156.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 156, as it does not distinguish between Defendants.  To the extent that the second sentence of Paragraph 156 refers to TMC by its use of "Toyota" or "Its," TMC denies that it "routinely monitors the internet for customer complaints, and it retains the services of third parties to do the

same." To the extent that the third sentence of Paragraph 156 refers to TMC by its use of "Toyota," TMC denies those allegations. The allegations in the last sentence of Paragraph 156 are conclusions of law, for which no responsive pleading is required. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

157. TMC lacks information sufficient to admit or deny the allegations in Paragraph 157, as it does not distinguish between Defendants. To the extent that Paragraph 157 refers to TMC by its use of "Toyota," TMC admits that it receives reports regarding field information in the U.S. market from divisions of TMNA in certain circumstances. TMC denies that it regularly collects or analyzes data regarding warranty claims, customer repair requests, and sales reports in the U.S. market. Except as otherwise admitted, TMC denies the allegations in Paragraph 157. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

158. TMC lacks information sufficient to admit or deny the allegations in Paragraph 158, as it does not distinguish between Defendants. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

159. The allegations in Paragraph 159 are conclusions of law for which no responsive pleading is required, and which are therefore denied. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

160. The allegations in Paragraph 160 are conclusions of law for which no responsive pleading is required, and which are therefore denied. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

161. The allegations in Paragraph 161 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

162.    TMC lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 162 that pertains to Plaintiffs' knowledge or expectations.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

163.    The allegations in Paragraph 163 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

**"Toyota's Warranty-Related Practices"**

164.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 164, as this averment does not distinguish between Defendants.  To the extent that Paragraph 164 refers to TMC by its use of "Toyota," TMC denies that it is the warrantor for the New Vehicle Limited Warranty applicable to the 2013–2018 model year RAV4 vehicles.

165.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 165, as this averment does not distinguish between Defendants.  To the extent that Paragraph 165 refers to TMC by its use of "Toyota," TMC denies that it is the warrantor for the New Vehicle Limited Warranty applicable to the 2013–2018 model year RAV4 vehicles.  The remainder of Paragraph 165 purports to quote from a document that speaks for itself.  Except as otherwise admitted, TMC denies the allegations in Paragraph 165.

166.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 166, as this averment does not distinguish between Defendants.  To the extent that the first sentence of Paragraph 166 refers to TMC by its use of "Toyota," TMC denies those allegations.  TMC lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 166.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.  Except as otherwise admitted, TMC denies the allegations in Paragraph 166.

167.    TMC denies the allegations in Paragraph 167.    TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

## "TOLLING OF STATUTE OF LIMITATIONS"

### "Discovery Rule"

168.    The allegations in Paragraph 168 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

169.    The allegations in Paragraph 169 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

170.    The allegations in Paragraph 170 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

### "Fraudulent Concealment"

171.    The allegations in Paragraph 171 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

172.    The allegations in Paragraph 172 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

### "Estoppel"

173.    The allegations in Paragraph 173 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

174.    The allegations in Paragraph 174 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

175.    The allegations in Paragraph 175 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

176.    The allegations in Paragraph 176 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"CLASS ALLEGATIONS"**

177.    The allegations in Paragraph 177 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes that this action is suitable for class action treatment.

178.    The allegations in Paragraph 178 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes that this action is suitable for class action treatment.

179.    The allegations in Paragraph 179 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes that this action is suitable for class action treatment.

180.    The allegations in Paragraph 180 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

181.    The allegations in Paragraph 181 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

182.    The allegations in Paragraph 182 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

183.    The allegations in Paragraph 183 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

184.    The allegations in Paragraph 184 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

185.    The allegations in Paragraph 185 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## "CAUSES OF ACTION"

**"Claims Brought on Behalf of the Nationwide Class, or alternatively, the Michigan State Class, the California State Class, the Texas State Class, the Florida State Class, the Illinois State Class, the New Hampshire State Class, the Missouri State Class, the Connecticut Class, and the New Jersey Class"**

**"COUNT I**

**VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT**

**(15 U.S.C. § 2301, *et seq.*)**

**(By Plaintiffs against Defendants TMS, TMNA, and TEMA on behalf of the Nationwide Class or, alternatively, by Plaintiff Murphy against Defendants TMS, TMNA, and TEMA on behalf of the Michigan State Class, by Plaintiff Lavoot against Defendants TMS, TMNA, and TEMA on behalf of the California State Class, by Plaintiffs Flowers and Willis against all Defendants on behalf of the Texas State Class, by Plaintiffs Guevara, James Charles, and Angela Charles against Defendants TMS, TMNA, and TEMA on behalf of the Florida State Class, by Plaintiff Krukowski against Defendants TMS, TMNA, and TEMA on behalf of the Illinois State Class, by Plaintiff Woodman against Defendants TMS, TMNA, and TEMA on behalf of the New Hampshire State Class, by Plaintiff Huchteman against Defendants TMS, TMNA ,and TEMA on behalf of the Missouri State Class, by Plaintiff Larned against Defendants TMS, TMNA, and TEMA on behalf of the Connecticut Class, and by Plaintiff Mora against Defendants TMS, TMNA, and TEMA on behalf of the New Jersey State Class)"**

186.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

187.    The allegations in Paragraph 187 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

188.    The allegations in Paragraph 188 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

189.    The allegations in Paragraph 189 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

190.    The allegations in Paragraph 190 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

191.    The allegations in Paragraph 191 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

192.    The allegations in Paragraph 192 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

193.    The allegations in Paragraph 193 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

194.    The allegations in Paragraph 194 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

195.    The allegations in Paragraph 195 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

196.    The allegations in Paragraph 196 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

197.    The allegations in Paragraph 197 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment

## COUNT II

## FRAUDULENT CONCEALMENT

**(By Plaintiffs against Defendants TMS, TMNA, and TEMA on behalf of the Nationwide Class or, alternatively, by Plaintiff Murphy against Defendants TMS, TMNA, and TEMA on behalf of the Michigan State Class, by Plaintiff Lavoot against Defendants TMS, TMNA, and TEMA on behalf of the California State Class, by Plaintiffs Flowers and Willis against all Defendants on behalf of the Texas State Class, by Plaintiffs Guevara, James Charles, and Angela Charles against Defendants TMS, TMNA, and TEMA on behalf of the Florida State Class, by Plaintiff Krukowski against Defendants TMS, TMNA, and TEMA on behalf of the Illinois State Class, by Plaintiff Woodman against Defendants TMS, TMNA, and TEMA on behalf of the New Hampshire State Class, by Plaintiff Huchteman against Defendants TMS, TMNA ,and TEMA on behalf of the Missouri State Class, by Plaintiff Larned against Defendants TMS, TMNA, and TEMA on behalf of the Connecticut Class, and by Plaintiff Mora against Defendants TMS, TMNA, and TEMA on behalf of the New Jersey State Class)"**

198.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

199.    The allegations in Paragraph 199 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

200.    The allegations in Paragraph 200 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

201.    The allegations in Paragraph 201    are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

202.    The allegations in Paragraph 202 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

203.    The allegations in Paragraph 203 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

204.    The allegations in Paragraph 204 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

205.    The allegations in Paragraph 205 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

206.    The allegations in Paragraph 206 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

207.    The allegations in Paragraph 207 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

208.    The allegations in Paragraph 208 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

209.    The allegations in Paragraph 209 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

210.    The allegations in Paragraph 210 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## "COUNT III

### UNJUST ENRICHMENT

**(By Plaintiffs against Defendants TMS, TMNA, and TEMA on behalf of the Nationwide Class or, alternatively, by Plaintiff Murphy against Defendants TMS, TMNA, and TEMA on behalf of the Michigan State Class, by Plaintiff Lavoot against Defendants TMS, TMNA, and TEMA on behalf of the California State Class, by Plaintiffs Flowers and Willis against all Defendants on behalf of the Texas State Class, by Plaintiffs Guevara, James Charles, and Angela Charles against Defendants TMS, TMNA, and TEMA on behalf of the Florida State Class, by Plaintiff Krukowski against Defendants TMS, TMNA, and TEMA on behalf of the Illinois State Class, by Plaintiff Woodman against Defendants TMS, TMNA, and TEMA on behalf of the New Hampshire State Class, by Plaintiff Huchteman against Defendants TMS, TMNA ,and TEMA on behalf of the Missouri State Class, by Plaintiff Larned against Defendants TMS, TMNA, and TEMA on behalf of the Connecticut Class, and by Plaintiff Mora against Defendants TMS, TMNA, and TEMA on behalf of the New Jersey State Class)**

### (IN THE ALTERNATIVE)"

211.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

212.    The allegations in Paragraph 212 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

213.    The allegations in Paragraph 213 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

214.   The allegations in Paragraph 214 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

215.   The allegations in Paragraph 215 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

216.   The allegations in Paragraph 216 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

217.   The allegations in Paragraph 217 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

218.   The allegations in Paragraph 218 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

219.   The allegations in Paragraph 219 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

220.   The allegations in Paragraph 220 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"Claims Brought on Behalf of the Michigan Class"**

**"COUNT IV**

**VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT**

**(Mich. Comp. Laws § 445.901, *et seq.*)**

**(Brought by Plaintiff Murphy against Defendants TMS, TMNA, and TEMA on behalf of the Michigan Class)"**

221.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

222.    The allegations in Paragraph 222 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

223.    TMC lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 223 relating to Plaintiffs' alleged conduct.  The allegations in Paragraph 223 are also conclusions of law for which no responsive pleading is required, and which are therefore denied. TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

224.    The allegations in Paragraph 224 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

225.    The allegations in Paragraph 225 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

226.    The allegations in Paragraph 226 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

227.    TMC lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 227 that pertains to Plaintiffs' and/or putative class members' knowledge.   The allegations in Paragraph 227 are also conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

228.    The allegations in Paragraph 228 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## "COUNT V

## BREACH OF EXPRESS WARRANTY

## (Mich. Comp. Laws § 440.2313)

**(Brought by Plaintiff Murphy against Defendants TMS, TMNA, and TEMA on behalf of the Michigan Class)"**

229.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

230.    The allegations in Paragraph 230 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

231.    The allegations in Paragraph 231 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

232.    The allegations in Paragraph 232 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

233.    The allegations in Paragraph 233 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

234.    The allegations in Paragraph 234 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

235.    The allegations in Paragraph 235 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

236.    The allegations in Paragraph 236 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## "COUNT VI

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### (Mich. Comp. Laws § 440.2314)

**(Brought by Plaintiff Murphy against Defendants TMS, TMNA, and TEMA on behalf of the Michigan Class)"**

237.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

238.    The allegations in Paragraph 238 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

239.    The allegations in Paragraph 239 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

240.    The allegations in Paragraph 240 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

241.    The allegations in Paragraph 241    are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"Claims Brought on behalf of the California Class"**

**"COUNT VII**

**VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT ("CLRA")**

**(Cal. Civ. Code § 1750, *et seq.*)**

**(Brought by Plaintiff Lavoot against Defendants TMS, TMNA and TEMA on behalf of the California Class)"**

242.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

243.    The allegations in Paragraph 243 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

244.    The allegations in Paragraph 244 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

245.    The allegations in Paragraph 245 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

246.    The allegations in Paragraph 246 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

247.    The allegations in Paragraph 247 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

248.    The allegations in Paragraph 248 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

249.    The allegations in Paragraph 249 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

250.    The allegations in Paragraph 250 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

251.    The allegations in Paragraph 251 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

252.     The allegations in Paragraph 252 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

253.     The allegations in Paragraph 253 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## "COUNT VIII

## VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW

### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

**(Brought by Plaintiff Lavoot against Defendants TMS, TMNA and TEMA on behalf of the California Class)"**

254.     TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

255.     The allegations in Paragraph 255 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

256.     The allegations in Paragraph 256 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

257.     The allegations in Paragraph 257 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

258.     The allegations in Paragraph 258 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

259.    The allegations in Paragraph 259 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

260.    The allegations in Paragraph 260 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

261.    The allegations in Paragraph 261 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## "COUNT IX

### VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW

#### (Cal. Bus. & Prof. Code § 17500, *et seq.*)

**(Brought by Plaintiff Lavoot against Defendants TMS, TMNA and TEMA on behalf of the California Class)"**

262.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

263.    The allegations in Paragraph 263 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

264.    The allegations in Paragraph 264 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

265.     The allegations in Paragraph 265 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

266.     The allegations in Paragraph 266 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

267.     The allegations in Paragraph 267 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

268.     The allegations in Paragraph 268 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## "COUNT X

## BREACH OF EXPRESS WARRANTY

### (Based on California Law)

### (Brought by Plaintiff Lavoot against Defendants TMS, TMNA, and TEMA on behalf of the California Class)"

269.     TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

270.     The allegations in Paragraph 270 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

271.     The allegations in Paragraph 271 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

272.    The allegations in Paragraph 272 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

273.    The allegations in Paragraph 273 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

274.    The allegations in Paragraph 274 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

275.    The allegations in Paragraph 275 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

276.    The allegations in Paragraph 276 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

277.    The allegations in Paragraph 277 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

"COUNT XI

BREACH OF IMPLIED WARRANTY

(Based on California Law)

(Brought by Plaintiff Lavoot against Defendants TMS, TMNA and TEMA on behalf of the California Class)"

278.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

279.    TMC admits that it is responsible for the overall design, development, and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles in this case.  TMC also manufactures and/or assembles, in the ordinary course of business, numerous models of Toyota motor vehicles, including some of the 2013–2018 model year RAV4 vehicles in this case.   The remaining allegations in Paragraph 279 are conclusions of law for which no responsive pleading is required, and which are therefore denied.   TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.  Except as otherwise admitted, TMC denies the allegations in Paragraph 279.

280.    The allegations in Paragraph 280 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

281.    The allegations in Paragraph 281 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

282.    The allegations in Paragraph 282 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

283.     The allegations in Paragraph 283 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"COUNT XII**

**COMMON LAW FRAUDULENT CONCEALMENT**

**(Based on California Law)**

**(Brought by Plaintiff Lavoot against Defendants TMS, TMNA and TEMA on behalf of the California Class)"**

284.     TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

285.     The allegations in Paragraph 285 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

286.     The allegations in Paragraph 286 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

287.     The allegations in Paragraph 287 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

288.     The allegations in Paragraph 288 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"COUNT XIII**

**VIOLATIONS OF THE SONG-BEVERLY ACT – BREACH OF IMPLIED WARRANTY**

**(Cal. Civ. Code §§ 1792, 1791.1, *et seq.*)**

**(Brought by Plaintiff Lavoot against Defendants TMS, TMNA and TEMA on behalf of the California Class)"**

289.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

290.    TMC admits that it is responsible for the overall design, development, and developmental testing of Toyota motor vehicles sold in the continental United States, including the 2013–2018 model year RAV4 vehicles in this case.  TMC also manufactures and/or assembles, in the ordinary course of business, numerous models of Toyota motor vehicles, including some of the 2013–2018 model year RAV4 vehicles in this case.   The remaining allegations in Paragraph 290 are conclusions of law for which no responsive pleading is required, and which are therefore denied.   TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.  Except as otherwise admitted, TMC denies the allegations in Paragraph 290.

291.    The allegations in Paragraph 291 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

292    The allegations in Paragraph 292 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

46

293.    The allegations in Paragraph 293 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

294.    The allegations in Paragraph 294 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

295.    The allegations in Paragraph 295 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"Claims Brought on Behalf of the Texas Class"**

**"COUNT XIV**

**VIOLATIONS OF THE DECEPTIVE TRADE PRACTICES ACT – CONSUMER**

**PROTECTION ACT**

**(Tex. Bus. & Com. Code §§ 17.41, *et seq.*)**

**(Brought by Plaintiffs Flowers and Willis against all Defendants on behalf of the Texas Class)"**

296.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

297.    The allegations in Paragraph 297 are conclusion of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action.

298.    The allegations in Paragraph 298 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

299.    The allegations in Paragraph 299 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

300.    The allegations in Paragraph 300 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

301.    The allegations in Paragraph 301 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

302.    The allegations in Paragraph 302 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

303.    The allegations in Paragraph 303 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

304.    The allegations in Paragraph 304 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

305.    The allegations in Paragraph 305 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

306.    The allegations in Paragraph 306 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

307.    The allegations in Paragraph 307 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

308.    The allegations in Paragraph 308 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

309.    The allegations in Paragraph 309 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

310.    The allegations in Paragraph 310 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

311.    The allegations in Paragraph 311 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

312.    TMC admits that on or about May 5, 2021, Plaintiffs' counsel sent a letter regarding Ms. Flowers.  The remaining allegations in Paragraph 312 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

313.    TMC admits that on or about January 31, 2023, Plaintiffs' counsel sent a letter regarding Ms. Willis.  The remaining allegations in Paragraph 313 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"COUNT XV**

**BREACH OF IMPLIED WARRANTY**

**(Tex. Bus. & Com. Code § 2.314)**

**(Brought by Plaintiffs Flowers and Willis against all Defendants on behalf of the Texas Class)"**

314.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

315.    The allegations in Paragraph 315 are conclusions of law for which no responsive pleading is needed, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

316.    The allegations in Paragraph 316 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

317.    The allegations in Paragraph 317 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

318.    The allegations in Paragraph 318 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

319.    The allegations in Paragraph 319 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

320.    The allegations in Paragraph 320 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

321.    The allegations in Paragraph 321 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

322.    The allegations in Paragraph 322 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

323.    The allegations in Paragraph 323 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## "COUNT XVI

## BREACH OF EXPRESS WARRANTIES

### (Tex. Bus. & Com. Code § 2.313)

**(Brought by Plaintiffs Flowers and Willis against all Defendants on behalf of the Texas Class)"**

324.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

325.     The allegations in Paragraph 325 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

326.     The allegations in Paragraph 326 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

327.     The allegations in Paragraph 327 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

328.     The allegations in Paragraph 328 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

329.     The allegations in Paragraph 329 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

330.     The allegations in Paragraph 330 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

331.     The allegations in Paragraph 331 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

332.     The allegations in Paragraph 332 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

333.     The allegations in Paragraph 333 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

334.     The allegations in Paragraph 334 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

335.     The allegations in Paragraph 335 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

336.     The allegations in Paragraph 336 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

337.     The allegations in Paragraph 337 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

338.     The allegations in Paragraph 338 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

339.     The allegations in Paragraph 339 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

340.   The allegations in Paragraph 340 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

341.   The allegations in Paragraph 341 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

342.   The allegations in Paragraph 342 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

343.   The allegations in Paragraph 343 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

344.   The allegations in Paragraph 344 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

345.   The allegations in Paragraph 345 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

346.    The allegations in Paragraph 346 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## "COUNT XVII

## FRAUD BY CONCEALMENT

### (Based on Texas Law)

### (Brought by Plaintiffs Flowers and Willis against all Defendants on behalf of the Texas Class)"

347.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

348.    The allegations in Paragraph 348 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

349.    The allegations in Paragraph 349 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

350.    The allegations in Paragraph 350 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

351.    The allegations in Paragraph 351 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

352.    The allegations in Paragraph 352 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

353.    The allegations in Paragraph 353 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

354.    The allegations in Paragraph 354 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

355.    The allegations in Paragraph 355 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

356.    The allegations in Paragraph 356 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"COUNT XVIII**

**UNJUST ENRICHMENT**

**(Based on Texas Law)**

**(Brought by Plaintiffs Flowers and Willis against all Defendants on behalf of the Texas Class)"**

357.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

358.     The allegations in Paragraph 358 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

359.     The allegations in Paragraph 359 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

360.     The allegations in Paragraph 360 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

361.     The allegations in Paragraph 361 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"Claims Brought on Behalf of the Florida Class"**

**"COUNT XIX**

**VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

**(Fla. Stat. § 501.201, *et seq.*)**

**(Brought by Plaintiffs Guevara, James Charles, and Angela Charles against Defendants TMS, TMNA, and TEMA on behalf of the Florida Class)"**

362.     TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

363.     The allegations in Paragraph 363 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

364.    The allegations in Paragraph 364 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

365.    The allegations in Paragraph 365 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

366.    The allegations in Paragraph 366 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

367.    The allegations in Paragraph 367 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

368.    The allegations in Paragraph 368 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

369.    The allegations in Paragraph 369 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

370.    The allegations in Paragraph 370 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

371.    The allegations in Paragraph 371 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

372.    The allegations in Paragraph 372 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

373.    The allegations in Paragraph 373 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

374.    The allegations in Paragraph 374 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## "COUNT XX

## BREACH OF EXPRESS WARRANTY

### (Fla. Stat. §§ 672.313 and 680.21)

**(Brought by Plaintiffs Guevara, James Charles, and Angela Charles, against Defendant TMS on behalf of the Florida Class)"**

375.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

376.    The allegations in Paragraph 376 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

377.    The allegations in Paragraph 377 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

378.    The allegations in Paragraph 378 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

379.    The allegations in Paragraph 379 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

380.    The allegations in Paragraph 380 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

381.    The allegations in Paragraph 381 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

382.    TMC denies that it is the warrantor for the New Vehicle Limited Warranty applicable to the 2013–2018 model year RAV4 vehicles.  The remainder of Paragraph 382 purports to quote from a document that speaks for itself.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

383.    The allegations in Paragraph 383 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

384.    The allegations in Paragraph 384 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

385.    The allegations in Paragraph 385 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

386.    The allegations in Paragraph 386 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

387.    The allegations in Paragraph 387 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

388.    The allegations in Paragraph 388 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

389.    The allegations in Paragraph 389 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

390.    The allegations contained in Paragraph 390 are directed to TMS and require no response by TMC.

391.    The allegations in Paragraph 391 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

392.    The allegations in Paragraph 392 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

393.    The allegations in Paragraph 393 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

### "COUNT XXI

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### (F.S.A. §§ 672.314 and 680.12)

**(Brought by Plaintiffs Guevara, James Charles, and Angela Charles against Defendants TMS, TMNA, and TEMA on behalf of the Florida Class)"**

394.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

395.    The allegations in Paragraph 395 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

396.    The allegations in Paragraph 396 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

397.    The allegations in Paragraph 397 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

398.    The allegations in Paragraph 398 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

399.    The allegations in Paragraph 399 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

400.    The allegations in Paragraph 400 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

401.    The allegations in Paragraph 401 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

402.    The allegations in Paragraph 402 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

403.    The allegations in Paragraph 403 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

404.    The allegations in Paragraph 404 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

405.    The allegations in Paragraph 405 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

406.    The allegations in Paragraph 406 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

407.    The allegations in Paragraph 407 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

408.    The allegations in Paragraph 408 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"Claims Brought on Behalf of the Illinois Class"**

**"COUNT XXII**

**VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE PRACTICES**

**ACT ("CFA")**

**(815 Ill. Comp. Stat. 505/1, et seq.)**

**(Brought by Plaintiff Kurkowski against Defendants TMS, TMNA, and TEMA on behalf of the Illinois Class)"**

409.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

410.    The allegations in Paragraph 410 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

411.    The allegations in Paragraph 411 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

412.     The allegations in Paragraph 412 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

413.     The allegations in Paragraph 413 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

414.     The allegations in Paragraph 414 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

415.     The allegations in Paragraph 415 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

416.     The allegations in Paragraph 416 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

417.     The allegations in Paragraph 417 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

418.     The allegations in Paragraph 418 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

419.     The allegations in Paragraph 419 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

420.    The allegations in Paragraph 420 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

421.    The allegations in Paragraph 421 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

422.    The allegations in Paragraph 422 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"COUNT XXIII**

**BREACH OF EXPRESS WARRANTY**

**(810 Ill. Comp. Stat. 5/2-313)**

**(Brought by Plaintiff Kurkowski against Defendant TMS on behalf of the Illinois Class)"**

423.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

424.    The allegations in Paragraph 424 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

425.    The allegations in Paragraph 425 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

426.    The allegations in Paragraph 426 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

427.     The allegations in Paragraph 427 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

428.     The allegations in Paragraph 428 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

429.     The allegations in Paragraph 429 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

430.     TMC denies that it is the warrantor for the New Vehicle Limited Warranty applicable to the 2013–2018 model year RAV4 vehicles.  The remainder of Paragraph 430 purports to quote from a document that speaks for itself.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

431.     The allegations in Paragraph 431 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

432.     The allegations in Paragraph 432 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

433.     The allegations in Paragraph 433 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

434.    The allegations in Paragraph 434 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

435.    The allegations in Paragraph 435 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

436.    The allegations in Paragraph 436 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

437.    The allegations in Paragraph 437 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

438.    The allegations in Paragraph 438 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

439.    The allegations in Paragraph 439 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

440.    The allegations in Paragraph 440 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## "COUNT XXIV

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### (810 Ill. Comp. Stat. 5/2-314)

### (Brought by Plaintiff Kurkowski against Defendants TMS, TMNA, and TEMA on behalf of the Illinois Class)"

441.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

442.    The allegations in Paragraph 442 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

443.    The allegations in Paragraph 443 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

444.    The allegations in Paragraph 444 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

445.    The allegations in Paragraph 445 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

446.    The allegations in Paragraph 446 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

447.    The allegations in Paragraph 447 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

448.    The allegations in Paragraph 448 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

449.    The allegations in Paragraph 449 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

450.    The allegations in Paragraph 450 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

451.    The allegations in Paragraph 451 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

452.    The allegations in Paragraph 452 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

453.    The allegations in Paragraph 453 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

454.     The allegations in Paragraph 454 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

455.     The allegations in Paragraph 455 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"Claims Brought on Behalf of the New Hampshire Class"**

**"COUNT XXV**

**VIOLATION OF NEW HAMPSHIRE CONSUMER PROTECTION ACT**

**(N.H. REV. STAT. ANN. § 358-A:1, *et seq.*)**

**(Brought by Plaintiff Woodman against Defendants TMS, TMNA, and TEMA on behalf of the New Hampshire Class)"**

456.     TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

457.     The allegations in Paragraph 457 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

458.     The allegations in Paragraph 458 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

459.     The allegations in Paragraph 459 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

460.     The allegations in Paragraph 460 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

461.     The allegations in Paragraph 461 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

462.    The allegations in Paragraph 462 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

463.    The allegations in Paragraph 463 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

464.    The allegations in Paragraph 464 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

465.    The allegations in Paragraph 465 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

466.    The allegations in Paragraph 466 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

467.    The allegations in Paragraph 467 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

468.     The allegations in Paragraph 468 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## "COUNT XXVI

## BREACH OF EXPRESS WARRANTY

## (N.H. REV. STAT. §§ 382-A:2-313 AND 382-A:2A-210)

**(Brought by Plaintiff Woodman against Defendant TMS on behalf of the New Hampshire Class)"**

469.     TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

470.     The allegations in Paragraph 470 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

471.     The allegations in Paragraph 471 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

472.     The allegations in Paragraph 472 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

473.     The allegations in Paragraph 473 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

474.     The allegations in Paragraph 474 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

475.    The allegations in Paragraph 475 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

476.    TMC denies that it is the warrantor for the New Vehicle Limited Warranty applicable to the 2013–2018 model year RAV4 vehicles.  The remainder of Paragraph 476 purports to quote from a document that speaks for itself.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

477.    The allegations in Paragraph 477 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

478.    The allegations in Paragraph 478 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

479.    The allegations in Paragraph 479 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

480.    The allegations in Paragraph 480 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

481.    The allegations in Paragraph 481 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

482.    The allegations in Paragraph 482 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

483.    The allegations in Paragraph 483 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

484.    The allegations in Paragraph 484 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

485.    The allegations in Paragraph 485 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

486.    The allegations in Paragraph 486 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"COUNT XXVII**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

**(N.H. Rev. Stat. §§ 382-A:2-314 and 382-A:2A-212)**

**(Brought by Plaintiff Woodman against Defendants TMS, TMNA, and TEMA on behalf of the New Hampshire Class)"**

487.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

488.    The allegations in Paragraph 488 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

489.    The allegations in Paragraph 489 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

490.    The allegations in Paragraph 490 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

491.    The allegations in Paragraph 491 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

492.    The allegations in Paragraph 492 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

493.    The allegations in Paragraph 493 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

494.    The allegations in Paragraph 494 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

495.    The allegations in Paragraph 495 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

496. The allegations in Paragraph 496 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

497.    The allegations in Paragraph 497 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

498.    The allegations in Paragraph 498 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

499.    The allegations in Paragraph 499 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

500.    The allegations in Paragraph 500 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

501.    The allegations in Paragraph 501 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"Claims Brought on Behalf of the Missouri Class"**

**"COUNT XXVIII**

**VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT**

**(MO. REV. STAT. §§ 407.010, et seq.)**

**(Brought by Plaintiff Huchteman against Defendants TMS, TMNA, and TEMA on behalf of the Missouri Class)"**

502.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

503.    The allegations in Paragraph 503 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

504.    The allegations in Paragraph 504 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

505.    The allegations in Paragraph 505 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

506.    The allegations in Paragraph 506 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

507.    The allegations in Paragraph 507 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

508.    The allegations in Paragraph 508 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

509.    The allegations in Paragraph 509 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

510.    The allegations in Paragraph 510 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

511.    The allegations in Paragraph 511 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

512.    The allegations in Paragraph 512 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

513.    The allegations in Paragraph 513 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

514.    The allegations in Paragraph 514 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

515.    The allegations in Paragraph 515 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"COUNT XXIX**

**BREACH OF EXPRESS WARRANTY**

**(MO. REV. STAT. §§ 400.2-313)**

**(Brought by Plaintiff Huchteman against Defendant TMS on behalf of the Missouri Class)"**

516.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

517.    The allegations in Paragraph 517 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

518.    The allegations in Paragraph 518 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

519.    The allegations in Paragraph 519 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

520.    The allegations in Paragraph 520 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

521.    The allegations in Paragraph 521 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

522.    The allegations in Paragraph 522 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

523.    TMC denies that it is the warrantor for the New Vehicle Limited Warranty applicable to the 2013–2018 model year RAV4 vehicles.  The remainder of Paragraph 523 purports to quote from a document that speaks for itself.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

524.    The allegations in Paragraph 524 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

525.    The allegations in Paragraph 525 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

526.    The allegations in Paragraph 526 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

527.    The allegations in Paragraph 527 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

528.    The allegations in Paragraph 528 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

529.    The allegations in Paragraph 529 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

530.    The allegations in Paragraph 530 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

531.    The allegations in Paragraph 531 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

532.    The allegations in Paragraph 532 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

533.    The allegations in Paragraph 533 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"COUNT XXX**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

**(Mo. Rev. Stat. § 400.2-314(2)(c))**

**(Brought by Plaintiff Huchteman against Defendants TMS, TMNA, and TEMA on behalf of the Missouri Class)"**

534.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

535.    The allegations in Paragraph 535 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

536.    The allegations in Paragraph 536 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

537.    The allegations in Paragraph 537 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

538.    The allegations in Paragraph 538 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

539.    The allegations in Paragraph 539 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

540.    The allegations in Paragraph 540 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

541.    The allegations in Paragraph 541 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

542.    The allegations in Paragraph 542 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

543.    The allegations in Paragraph 543 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

544.    The allegations in Paragraph 544 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

545.    The allegations in Paragraph 545 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

546.    The allegations in Paragraph 546 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

547.    The allegations in Paragraph 547 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"Claims Brought on Behalf of the Connecticut Class"**

**"COUNT XXXI**

**VIOLATION OF CONNECTICUT UNLAWFUL TRADE PRACTICES ACT**

**(Conn. Gen. Stat. § 42.110A, *et seq.*)**

**(Brought by Plaintiff Larned against Defendants TMS, TMNA, and TEMA on behalf of the Connecticut Class)"**

548.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

549.    The allegations in Paragraph 549 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

550.    The allegations in Paragraph 550 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

551.    The allegations in Paragraph 551 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

552.    The allegations in Paragraph 552 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

553.    The allegations in Paragraph 553 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

554.    The allegations in Paragraph 554 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

555.    The allegations in Paragraph 555 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

556.    The allegations in Paragraph 556 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

557.    The allegations in Paragraph 557 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

558.    The allegations in Paragraph 558 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

559.    The allegations in Paragraph 559 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

560.    The allegations in Paragraph 560 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

561.    The allegations in Paragraph 561 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

562.    The allegations in Paragraph 562 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

563.    The allegations in Paragraph 563 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

564.    The allegations in Paragraph 564 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

565.    The allegations in Paragraph 565 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## "COUNT XXXII

## BREACH OF EXPRESS WARRANTY

## (Conn. Gen. Stat. Ann. § 42A-2-313)

**(Brought by Plaintiff Larned against Defendant TMS on behalf of the Connecticut Class)"**

566.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

567.    The allegations in Paragraph 567 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

568.    The allegations in Paragraph 568 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

569.    TMC denies that it is the warrantor for the New Vehicle Limited Warranty applicable to the 2013–2018 model year RAV4 vehicles.  The remainder of Paragraph 569 purports to quote from a document that speaks for itself.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

570.    The allegations in Paragraph 570 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

571.    The allegations in Paragraph 571 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

572.    The allegations in Paragraph 572 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

573.    The allegations in Paragraph 573 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

574.    The allegations in Paragraph 574 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

575.    The allegations in Paragraph 575 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

576.    The allegations in Paragraph 576 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

577.    The allegations in Paragraph 577 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

578.    The allegations in Paragraph 578 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

579.    The allegations in Paragraph 579 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

580.    The allegations in Paragraph 580 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"COUNT XXXIII**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

**(Conn. Gen. Stat. Ann. § 42A-2-314)**

**(Brought by Plaintiff Larned against Defendants TMS, TMNA, and TEMA on behalf of the Connecticut Class)"**

581.     TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

582.     The allegations in Paragraph 582 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

583.     The allegations in Paragraph 583 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

584.     The allegations in Paragraph 584 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

585.     The allegations in Paragraph 585 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

586.     The allegations in Paragraph 586 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

587.     The allegations in Paragraph 587 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

588.    The allegations in Paragraph 588 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

589.    The allegations in Paragraph 589 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

590.    The allegations in Paragraph 590 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

591.    The allegations in Paragraph 591 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

592.    The allegations in Paragraph 592 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

**"Claims Brought on Behalf of the New Jersey Class"**

**"COUNT XXXIV**

**VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT**

**(N.J. Stat. Ann. § 56:8-1, *et seq.*)**

**(Brought by Plaintiff Mora against Defendants TMS, TMNA, and TEMA on behalf of the New Jersey Class)"**

593.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

594.    The allegations in Paragraph 594 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

595.    The allegations in Paragraph 595 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

596.    The allegations in Paragraph 596 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

597.    The allegations in Paragraph 597 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

598.    The allegations in Paragraph 598 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

599.    The allegations in Paragraph 599 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

600.    The allegations in Paragraph 600 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

601.    The allegations in Paragraph 601 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

602.    The allegations in Paragraph 602 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

603.    The allegations in Paragraph 603 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

604.    The allegations in Paragraph 604 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

605.    The allegations in Paragraph 605 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

606.    The allegations in Paragraph 606 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of

its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

607.    The allegations in Paragraph 607 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

608.    TMC lacks information sufficient to admit or deny the allegations in Paragraph 608.

## "COUNT XXXV

## BREACH OF EXPRESS WARRANTY

## (N.J. Stat. Ann. § 12A:2-313)

**(Brought by Plaintiff Mora against Defendant TMS on behalf of the New Jersey Class)"**

609.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

610.    The allegations in Paragraph 610 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

611.    The allegations in Paragraph 611 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

612.    The allegations in Paragraph 612 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

613.    The allegations in Paragraph 613 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

614.    TMC denies that it is the warrantor for the New Vehicle Limited Warranty applicable to the 2013–2018 model year RAV4 vehicles, as set forth above.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," and that Plaintiffs have any basis for any actionable claim.

615.    TMC denies that it is the warrantor for the New Vehicle Limited Warranty applicable to the 2013–2018 model year RAV4 vehicles.  The allegations in Paragraph 615 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

616.    TMC denies that it is the warrantor for the New Vehicle Limited Warranty applicable to the 2013–2018 model year RAV4 vehicles.  The allegations in Paragraph 616 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

617.    The allegations in Paragraph 617 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

618.    The allegations in Paragraph 618 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

619.    The allegations in Paragraph 619 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

620.    The allegations in Paragraph 620 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

621.    The allegations in Paragraph 621 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

622.    The allegations in Paragraph 622 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

### "COUNT XXXVI

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### (N.J. Stat. Ann. § 12A:2-314)

**(Brought by Plaintiff Mora against Defendants TMS, TMNA, and TEMA on behalf of the New Jersey Class)"**

623.    TMC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

624.    The allegations in Paragraph 624 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC denies, however, that this action is suitable for class action treatment.

625.    The allegations in Paragraph 625 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

626.    The allegations in Paragraph 626 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

627.    The allegations in Paragraph 627 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

628.    The allegations in Paragraph 628 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

629.    The allegations in Paragraph 629 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

630.    The allegations in Paragraph 630 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

631.    The allegations in Paragraph 631 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

632.    The allegations in Paragraph 632 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  TMC disputes Plaintiffs' characterization of its vehicles and/or vehicle components, that there is or was any "defect," that Plaintiffs have any basis for any actionable claim, and that this action is suitable for class action treatment.

## ADDITIONAL DEFENSES

Without assuming the burden to prove that which properly falls on Plaintiff, TMC pleads the following separate and additional defenses.  TMC has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available.  TMC has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through discovery in this matter.  TMC further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

## FIRST AFFIRMATIVE DEFENSE

TMC denies all allegations not expressly admitted and specifically reserves all affirmative or other defenses that it may have against Plaintiffs and/or the putative class.  It is not necessary at this time for TMC to delineate defenses against the putative class because no class has been certified, and the putative class members are not parties to this litigation.

**SECOND AFFIRMATIVE DEFENSE**

At all times during the design, manufacture, engineering, assembly and inspection of the 2013–2018 model year RAV4 vehicles at issue in this action, the vehicles complied with all applicable federal, state, and industry safety standards during its design, manufacture, engineering, assembly, and inspection.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' warranty claims are barred because: (1) any warranties that might have arisen from the sale of the product at issue are expressly excluded, disclaimed, and limited by agreements between the parties or by a written warranty, which may have accompanied the sale of the product at issue; (2) any warranties that might have arisen from the sale of the product at issue expired prior to the incident date; (3) Plaintiffs failed to give timely notice of any alleged breach of warranty; (4) the limitations on any express limited written warranties were commercially reasonable; and (5) Plaintiffs were not in privity with TMC.

**FOURTH AFFIRMATIVE DEFENSE**

The products alleged by Plaintiffs to be defective were misused, abused, modified, and/or altered after purchase by Plaintiffs, third parties or entities other than TMC, and were not used in the manner intended, including but not limited to failing to properly care for the vehicles as instructed.

**FIFTH AFFIRMATIVE DEFENSE**

The subject vehicles and their component parts were state of the art and did not present an unreasonable risk of harm.

**SIXTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over some or all of the claims asserted by the Plaintiffs and/or the putative class, and Plaintiffs and/or the putative class lack Article III standing.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have proximately caused, contributed to, or failed to mitigate any and all losses and/or damages claimed by them.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE

Some or all of the claims made in the Amended Complaint, including claims made on behalf of the putative class, must be resolved through arbitration because the purchase and lease agreements, and/or warranty and financing agreements to which some or all members of the putative class purchased or leased or financed their vehicles contain an arbitration and/or class action waiver clause.

## TENTH AFFIRMATIVE DEFENSE

TMC asserts that Plaintiffs' damages, if any, were the result of one or more intervening or superseding causes, or caused by the acts and/or failures to act of persons and/or entities other than TMC, and were not the result of any act or omission on the part of TMC.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and/or by the proscription of the Eighth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, prohibiting the imposition of excessive fines.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because Plaintiffs and members of the putative class proceeded with knowledge and/or awareness of the transactions and occurrences that form the bases of their claims as alleged in the Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class have enjoyed the full benefit of their purchase of the products that are the subject of the Amended Complaint and are thereby barred from making the claims for relief set forth in the Amended Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because Plaintiffs are not in privity with TMC.  A third-party beneficiary exception, where permitted, is not applicable here as Plaintiffs have not pleaded facts supporting such an exception.  Further, Plaintiffs have not pleaded facts showing that the sum of interaction and expectations between Plaintiffs and TMC demonstrates that a third-party beneficiary contract exists.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Amended Complaint and the alleged claims in it are barred, in whole or in part, because Plaintiffs and the putative class members have not sustained any injury, harm, and/or damage as a result of any actions allegedly taken by TMC and are thus barred from asserting any claims against and/or obtaining monetary relief from TMC.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs and/or the putative class members are precluded from recovery because the representations and actions alleged by Plaintiffs were and are not material to Plaintiffs' decisions to purchase, use, or continue to use Defendants' products.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims for damages under the Magnuson-Moss Warranty Act ("MMWA") and/or the Song-Beverly Consumer Warranty Law ("Song-Beverly") are barred because Plaintiffs did not provide adequate notice as required by statute, and/or failed to participate in the MMWA dispute resolution process, and/or otherwise failed to provide Toyota an opportunity to repair the subject vehicles.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Any finding of liability under Michigan Law would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and any analogous provision contained in the Michigan Constitution, because the standards of liability under these laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

### NINETEENTH AFFIRMATIVE DEFENSE

Application of one state's laws to the claims of nonresidents under the circumstances in this case would violate the laws of that state, the Due Process Clause, the dormant Commerce Clause, and the Full Faith and Credit Clause of the United States Constitution, and such application would otherwise be unconstitutional.

## TWENTIETH AFFIRMATIVE DEFENSE

Any finding of liability under California Law would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and any analogous provision contained in the California Constitution, because the standards of liability under these laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any finding of liability under Texas Law would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and any analogous provision contained in the Texas Constitution, because the standards of liability under these laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any finding of liability under Florida Law would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and any analogous provision contained in the Florida Constitution, because the standards of liability under these laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any finding of liability under Illinois Law would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and any analogous provision contained in the Illinois Constitution, because the standards of liability under these laws are unduly vague

and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any finding of liability under New Hampshire Law would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and any analogous provision contained in the New Hampshire Constitution, because the standards of liability under these laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any finding of liability under Missouri Law would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and any analogous provision contained in the Missouri Constitution, because the standards of liability under these laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any finding of liability under Connecticut Law would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and any analogous provision contained in the Connecticut Constitution, because the standards of liability under these laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any finding of liability under New Jersey Law would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and any analogous provision contained in the New Jersey Constitution, because the standards of liability under these laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

### TWENTY-EIGHTH  AFFIRMATIVE DEFENSE

Plaintiffs and/or the putative class members are precluded from recovery under the Illinois Consumer Fraud and Deceptive Practices Act because the alleged nonconformity does not substantially impair the use and market value of the motor vehicles.

### TWENTY-NINTH  AFFIRMATIVE DEFENSE

Plaintiffs and/or the putative class members are precluded from recovery under the Missouri Merchandising Practices Act because the alleged nonconformity does not substantially impair the use, market value, or safety of the motor vehicles.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs and/or the putative class members are precluded from recovery under the Michigan Consumer Protection Act because the manufacture, sale, and lease of automobiles are exempted as conduct specifically authorized under federal and state law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

TMC has fully and/or substantially performed any and all obligations it may have had to Plaintiffs, if any, except such obligations as TMC was excused from performing as a result of Plaintiffs' conduct, failure to properly perform their obligations, or otherwise.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by release, waiver, estoppel, immunity granted by operation of law, and/or by the doctrine of laches.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of preemption and/or primary jurisdiction.

WHEREAS, having answered Plaintiffs' Amended Complaint in its entirety, TMC prays for judgment as set forth below.

(1)     An order dismissing the claims with prejudice;

(2)     An order finding that this suit cannot be maintained as a class action;

(3)     An order finding that Plaintiffs and the members of any putative class take

        nothing by the Amended Complaint;

(4)     An order awarding costs to TMC; and

(5)     Any such other and further relief as the Court deems proper.

Dated:  April 14, 2023        By:   *_/s/ Andrew P. LeGrand_*

Andrew P. LeGrand
Texas State Bar No. 24070132
alegrand@gibsondunn.com
Ashbey N. Morgan
Texas State Bar No. 24106339
anmorgan@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Ave., Suite 2100
Dallas, TX  75201-6912
Telephone:  214.698.3405
Facsimile:  214.571.2960

Christopher Chorba (admitted *pro hac vice*)
cchorba@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA  90071-2525
Telephone:  213.229.7000
Facsimile:  213.229.7520

*Attorneys for Toyota Motor Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify the foregoing document was served electronically on April 14, 2023, on all counsel who have consented to electronic service.

*/s/ Andrew P. LeGrand*
Andrew P. LeGrand