# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JULIET MURPHY, individually and on behalf of all others similarly situated individuals,<br><br>  Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; AND DOES 1-50, inclusive,<br><br>  Defendants. | Case No. 4:21-cv-00178<br><br>Hon. Amos L. Mazzant, III |

## PRELIMINARY APPROVAL ORDER

WHEREAS, a putative class action is pending in this Court styled *Murphy v. Toyota Motor Corporation, et al.*, Case No. 4:21-cv-00178-ALM (E.D. Tex.) (the "Action");

WHEREAS, Plaintiffs and Defendants have determined to settle all claims asserted in this Action and dismiss the case with prejudice on the terms and conditions set forth in the Settlement Agreement and Release dated March 28, 2024 (the "Settlement Agreement") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Settlement Agreement, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Class Members as more fully described herein (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over the Action and each of the parties for purposes of the Settlement and asserts jurisdiction over the Class Members for purposes of effectuating the Settlement and releasing their claims;

WHEREAS, this Court has considered all of the submissions related to the Motion and is otherwise fully advised in the premises; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Settlement Agreement;

IT IS HEREBY ORDERED AS FOLLOWS:

### **Preliminary Class Certification for Settlement Purposes Only and Appointment of Class Representatives and Class Counsel**

1. In deciding whether to preliminarily certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 424 F. Supp. 3d 456, 481 (E.D. La. 2020).

2. The Court finds, for settlement purposes, that the Rule 23 factors are satisfied, and that preliminary certification of the proposed Class is appropriate under Rule 23. The Court, therefore, preliminarily certifies the following Class for settlement purposes only:

> All individuals or legal entities who, at any time as of the occurrence of the Initial Notice Date, own(ed), purchase(d), or lease(d) Subject Vehicles in any of the fifty States, the District of Columbia, Puerto Rico and all other United States territories and/or possessions. Excluded from the Class are: (a) Toyota, its officers, directors and employees; (b) Plaintiffs' Counsel; (c) the Court and associated court staff assigned to this case and their immediate family members. In addition, persons or entities are not Class Members once they timely and properly exclude themselves

from the Class, as provided in the Settlement Agreement, and once the exclusion request is finally approved by the Court.

The "Subject Vehicles" means model year 2013-2018 Toyota RAV4 vehicles, which were identified as part of Recall 23V-734 submitted to NHTSA on or about November 1, 2023. Note: hybrid vehicles are not included in the Recall or the Settlement.

3. Specifically, the Court finds, for settlement purposes, that the Class, for preliminary approval only, satisfies the following factors of Rule 23:

(a) <u>Numerosity</u>: The Court preliminarily finds that the Settlement Class is ascertainable from Toyota's confirmatory discovery as well as from other objective criteria, and the members of the Settlement Class, who are the current and former owners and lessees of approximately 1.854 million vehicles, are so numerous that their joinder before the Court would be impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met.

(b) <u>Commonality</u>: The commonality requirement of Rule 23(a)(2) is satisfied for settlement purposes because there are multiple questions of law and fact that center on Toyota's manufacturing and sale of Subject Vehicles equipped with a battery retention system, as alleged and/or described in the Amended Consolidated Complaint, which are common to the Class.

(c) <u>Typicality</u>: The Class Representatives' claims are typical of the other Class Members' claims for purposes of Settlement because they concern the same alleged Toyota conduct, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied.

(d) <u>Adequacy</u>: The Court preliminarily finds that the Class Representatives will fairly and adequately protect the interests of the Settlement Class in that: (i) the Class Representatives' interests and the nature of claims alleged are consistent with those of the members

of the Settlement Class; (ii) there appear to be no conflicts between or among the Class Representatives and the Settlement Class; and (iii) the Class Representatives and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting complex class actions. Rule 23(a)(4) is therefore satisfied.

(e) <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied for settlement purposes as well because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for Class Members in a single, coordinated proceeding is superior to individual lawsuits addressing the same legal and factual issues.

4. The Court appoints the following persons as Class Representatives: Juliet Murphy, Penni Lavoot, Ranay Flowers, Paola Guevara, James Charles, Angela Charles, Jennifer Cardelli, Pamela Woodman, Kris Huchteman, Melissa Willis, Maria Mora, and Nicole Sylva.

5. The Court appoints the following persons and entities as Class Counsel: Kimberly A. Justice of Freed Kanner London & Millen LLC; David C. Wright of McCune Law Group APC; Todd A. Walburg of Bailey & Glasser LLP; and Bruce W. Steckler of Steckler Wayne Cherry & Love PLLC.

## **Preliminary Approval of the Settlement**

6. Pursuant to Rule 23(e)(2), in order to grant preliminary approval, the Court must find that the proposed Settlement is "fair, reasonable, and adequate" after considering whether: (a) the class representatives and class counsel have adequately represented the class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate—taking into account the (i) costs, risks, and delay of trial and appeal, (ii) the effectiveness of any the proposed

methods of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2) (amended Dec. 2018); *Cone v. Vortens, Inc.*, No. 4:17-CV-001-ALM-KPJ, 2019 WL 2517835, at *2 (E.D. Tex. Apr. 25, 2019) report and recommendation adopted, No. 4:17-CV-001-ALM-KPJ, 2019 WL 1970545 (E.D. Tex. May 3, 2019); *C.C. v. Scott*, No. 4:18-CV-828-SDJ, 2022 U.S. Dist. LEXIS 174005, at *5 (E.D. Tex. Sep. 26, 2022); *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 424 F. Supp. 3d. at 485.

7. Preliminary approval is appropriate where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible [judicial] approval." Manual for Complex Litigation, Second § 30.44 (1985). *See, e.g.*, Herbert B. Newberg & Alba Conte, Newberg on Class Actions, §§ 11.24–11.25 (3rd ed. 1992); *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 212 (5th Cir. 1981); *Claudet v. Cytec Ret. Plan*, No. 2:17-cv-10027, 2020 WL 3128611, at *3 (E.D. La. June 12, 2020); *C.C. v. Scott*, No. 4:18-CV-828-SDJ, 2022 U.S. Dist. LEXIS 174005, at *8 (E.D. Tex. Sep. 26, 2022); *Duncan v. JPMorgan Chase Bank, N.A.*, No. SA-14-CA-00912-FB, 2015 WL 11623393, at *3 (W.D. Tex. Oct. 21, 2015) .

8. The Court preliminarily approves the Settlement Agreement and the exhibits appended to the Motion as fair, reasonable, and adequate under Rule 23(e)(2), after taking into account that the class representatives and class counsel have adequately represented the class; the Settlement was reached in the absence of collusion and is the product of informed, good-faith,

arm's-length negotiations between the Parties and their capable and experienced counsel that were overseen by the Court-appointed mediator, Patrick A. Juneau; the relief provided is adequate given (i) the costs, risks and delay of trial and appeal, (ii) Notice is sufficient to notify the Class, (iii) the terms of the proposed attorney's fees and timing of payment; and (iv) the remaining terms of the Settlement Agreement. The Court also finds that the Parties have submitted sufficient information for the Court to support that Notice should be disseminated as "the proposed settlement will likely earn final approval." *See* Fed R. Civ. P. 23(e) Advisory Committee Notes to 2018 Amendments.

9. The Court finds that the Settlement, including exhibits appended to the Motion, is fair, reasonable, adequate, and in the best interest of the Class as a whole. The Court further approves "the proposed notices designed to alert all class members of their rights and responsibilities with respect to the Settlement," and the Court will schedule a Fairness Hearing to assist the Court in determining whether to grant final approval to the Settlement and enter Final Judgment. *See Claudet*, No. CV 17-10027, 2020 WL 3128611, at *2.

### Approval of Notice Program and Direction to Effectuate the Notice

10. The Court approves the form and content of the notices to be provided to the Class, substantially in the forms appended as Exhibits 3, 4, and 5 to the Settlement Agreement. The Court further finds that the Notice Program, described in Section IV of the Settlement Agreement, is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, class certification for settlement purposes only, the terms of the Settlement, their rights to opt-out of the Class and object to the Settlement, Class Counsel's Fee Application, and the request for Class Representative service awards. The notices and Notice Program constitute sufficient notice to all persons and entities entitled to notice. The notices and Notice Program satisfy all applicable requirements of law,

including, but not limited to, Rule 23 and the constitutional requirement of due process. The Court finds that the forms of notice are written in simple terminology, are readily understandable by Class Members and comply with the Federal Judicial Center's illustrative class action notices. The Court orders that the notices be disseminated to the Class as per the Notice Program.

11. The Court directs that Patrick A. Juneau, as the Settlement Special Master, pursuant to Federal Rule of Civil Procedure 53, shall proceed with all reasonable diligence and shall faithfully undertake the responsibilities as per the terms of the Settlement Agreement; the Settlement Special Master may appoint additional administrative personnel to assist in administering and managing this matter. The Court further directs that the Settlement Special Master shall be compensated by Toyota as per the terms of the Settlement Agreement.

12. The Court directs that Patrick A. Juneau and Patrick Hron of Juneau David, APLC be appointed by the Court to serve as the Settlement Claims Administrator to carry out the Claims Process in the Settlement Agreement.

13. The Court directs that Epiq Systems act as the Settlement Notice Administrator.

14. The Settlement Notice Administrator shall implement the Notice Program, as set forth in the Settlement, using substantially the forms of notice appended as Exhibits 3, 4, and 5 to the Settlement Agreement and approved by this Order. Notice shall be provided to the Class Members pursuant to the Notice Program appended as Exhibit 7, as specified in Section IV of the Settlement Agreement and approved by this Order.

15. The Settlement Notice Administrator shall send the Direct Mail Notice, substantially in the form attached to the Settlement Agreement as Exhibit 4 by U.S. Mail, proper postage prepaid to Class Members, as identified by data to be forwarded to the Settlement Notice

Administrator by S&P Global Automotive, formerly known as Polk ("S&P"). The mailings of the Direct Mail Notice to the persons and entities identified by S&P shall be substantially completed in accordance with the Notice Program. The Settlement Notice Administrator is hereby ordered to obtain such vehicle registration information through S&P, which specializes in obtaining such information, from, inter alia, the applicable Departments of Motor Vehicles.

16. The Court authorizes the Settlement Notice Administrator, through data aggregators or otherwise, to request, obtain and utilize vehicle registration information from the Department of Motor Vehicles for the various states for the purposes of identifying the identity of and contact information for purchasers and lessees of Class Vehicles. Vehicle registration information includes, but is not limited to, owner/lessee name and address information, registration date, year, make, and model of the vehicle.

**Fairness Hearing, Opt-Outs, and Objections**

17. The Court hereby sets a ***Fairness Hearing*** for ***November 19, 2024,*** at ***9:00 a.m.*** at the ***Paul Brown U.S. Courthouse, 101 E. Pecan Street, Sherman, Texas 75090,*** to assist the Court in determining whether to grant final approval to the Settlement Agreement, certify the Class, and enter the Final Order and Final Judgment, and whether Class Counsel's Fee Application and request for Class Representative service awards should be granted.

18. Any Class Member who wishes to be excluded from the Class must mail a written request for exclusion to the Settlement Notice Administrator at the address provided in the Long Form Notice, specifying that he or she wants to be excluded and otherwise complying with the terms stated in the Long Form Notice and the Preliminary Approval Order. The Settlement Notice

Administrator shall forward copies of any written requests for exclusion to Class Counsel and Toyota's Counsel. A list reflecting all requests for exclusion shall be filed with the Court by the Settlement Notice Administrator no later than 20 days before the Fairness Hearing. If a potential Class Member files a request for exclusion, he, she or it may not file an objection under Section VI. of the Settlement Agreement.

19. Any Class Member who does not file a timely written request for exclusion as provided in Section V. of the Settlement Agreement shall be bound by all subsequent proceedings, orders and judgments, including, but not limited to, the Release, Final Order and Final Judgment in the Action, even if he, she or it has litigation pending or subsequently initiates litigation against Toyota relating to the claims and transactions released in the Action. Toyota's Counsel shall provide to the Settlement Notice Administrator, within 20 business days of the entry of the Preliminary Approval Order, a list of all counsel for anyone who has then-pending litigation against Toyota relating to claims involving the Subject Vehicles and/or otherwise covered by the Release.

20. The Opt-Out Deadline shall be specified in the Direct Mail Notice, Publication Notice, and Long Form Notice. All persons and entities within the Class definition who do not timely and validly opt out of the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the Releases set forth in Section VII. of the Settlement.

21. The Court further directs that any person or entity in the Class who does not opt out of the Class may object, directly or through a lawyer at his, her or its expense, to the Settlement Agreement, the Fee Application and/or the requested service awards to the Class Representatives.

Objections must be filed electronically with the Court, or mailed to the Clerk of the Court, Class Counsel, and counsel for Toyota at the following addresses:

    (a) Clerk of the Court

        Clerk of Court
        United States District Court
        Eastern District of Texas
        101 East Pecan Street
        Sherman, Texas 75090
        <u>Murphy</u>, Case No. 4:21-cv-00178-ALM-RSP

    (b) Class Counsel

        Kimberly A. Justice
        Freed Kanner London & Millen LLC
        923 Fayette Street
        Conshohocken, PA 19428
        Telephone: (610) 234-6487
        E-mail: kjustice@fklmlaw.com

    (c) Counsel for Toyota

        John P. Hooper
        KING & SPALDING LLP
        1185 Avenue of the Americas
        34th Floor
        New York, New York 10036
        Telephone: (212) 556-2220
        E-mail: jhooper@kslaw.com

    22.    For an objection to be considered by the Court, the objection must be received by the Court on or before the deadline established by the Court for submitting objections and must set forth:

    (a)    The case name and number of the Action;

    (b)    The objector's full name, current residential address, mailing address (if different), telephone number, and e-mail address;

(c)  An explanation of the basis upon which the objector claims to be a Class Member, including the make, model year, and VIN(s) of the Subject Vehicle(s), and whether the Subject Vehicle is currently owned or currently leased by the Class Member;

(d)  Whether the objection applies only to the objector, to a specific subset of the Class or to the entire Class, and all grounds for the objection, accompanied by any legal support for the objection, and any documents or other evidence the objector believes supports the objection;

(e)  The number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection to this Settlement, the caption and case number of each case in which the objector has made such objection and the caption and case number of any related appeal, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

(f)  The full name, telephone number, mailing address, and e-mail address of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement and/or the request for Attorneys' Fees, Costs and Expenses;

(g)  The identity of all counsel representing the objector who will appear at the Fairness Hearing;

(h)  The number of times the objector's counsel has represented an individual or entity on whose behalf counsel has objected to a class action settlement within the five years preceding the date that they have filed the objection, and the caption and case

number of each case in which objector's counsel has made such objection and the caption and case number of any related appeal;

(i) If the Class member or his or her counsel have not made any such prior objection on behalf of an individual or entity, the Class Member shall affirmatively so state in the written materials provided with the objection;

(j) A list of all persons who will be called to testify at the Fairness Hearing in support of the objection;

(k) A statement confirming whether the objector intends to personally appear and/or testify at the Fairness Hearing; and

(l) The objector's signature and date of signature. Each objection must be personally signed by the objector (an electronic signature or attorney's signature is not sufficient).

23. Any objection that fails to satisfy these requirements, as also specified in the Long Form Notice, shall not be considered by the Court.

**Settlement Deadlines**

24. The Settlement deadlines are as follows:

| EVENT | DEADLINES |
|---|---|
| Initial Class Notice to be Disseminated | No later than June 25, 2024 |
| Direct Mail Notice to be Substantially Completed | No later than September 23, 2024 |
| Plaintiffs' Motion, Memorandum of Law and Other Materials in Support of their Requested Award of Attorneys' Fees, Reimbursement of Expenses, and Request for Class Representatives' Service Awards to be Filed with the Court | September 30, 2024 |

| | |
|---|---|
| Deadline for Receipt by the Clerk of All Objections Filed and/or Mailed by Class Members | September 30, 2024 |
| Class Members and/or their Personal Attorneys who Want to be Heard at Fairness Hearing Must File Notice of Intent to Appear with the Clerk of the Court | October 21, 2024 |
| Postmark Deadline for Class Members to Mail their Request to Exclude Themselves (Opt-Out) to Settlement Notice Administrator | October 21, 2024 |
| Parties' Motion, Memoranda of Law, and Other Materials in Support of Final Approval to be Filed with the Court | October 21, 2024 |
| Settlement Notice Administrator Shall File List of Opt-Outs and the Results of the Dissemination of the Notice with the Court | November 14, 2024 |
| Parties' Supplemental Memorandum of Law in Further Support of the Settlement to be Filed with the Court | November 14, 2024 |
| Fairness Hearing | November 19, 2024, 9:00 a.m. |

**Effect of Failure to Approve the Settlement or Termination**

25. In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) The Settlement Agreement shall be null and void and shall have no force or effect, and no Party to the Settlement Agreement shall be bound by any of its terms, except for the terms of Section X(D) therein;

(b) The Parties will petition the Court to have any stay orders entered pursuant to the Settlement Agreement lifted;

(c) All of its provisions, and all negotiations, statements, and proceedings relating to it

        shall be without prejudice to the rights of Toyota, Class Representatives, or any Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of the Settlement Agreement, except that the Parties shall cooperate in requesting that the Court set a new scheduling order such that no Party's substantive or procedural rights are prejudiced by the settlement negotiations and proceedings;

(d)     Toyota and the other Released Parties expressly and affirmatively reserve all defenses, arguments, and motions as to all claims that have been or might later be asserted in the Action, including, without limitation, the argument that the Action may not be litigated as a class action;

(e)     Class Representatives, on behalf of themselves and their heirs, assigns, executors, administrators, predecessors, and successors, and on behalf of the Class, expressly and affirmatively reserve and do not waive all motions as to, and arguments in support of, all claims, causes of action, or remedies that have been or might later be asserted in the Action including, without limitation, any argument concerning class certification, and treble or other damages;

(f)     Toyota and the other Released Parties expressly and affirmatively reserve and do not waive all motions and positions as to, and arguments in support of, all defenses to the causes of action or remedies that have been sought or might be later asserted in the actions, including without limitation, any argument or position opposing class certification, liability or damages;

(g)     Neither this Settlement Agreement, the fact of its having been made, nor the negotiations leading to it, nor any discovery or action taken by a Party or Class

         Member pursuant to this Settlement Agreement shall be admissible or entered into evidence for any purpose whatsoever, except to the extent the Settlement Agreement is filed with the Court, it can be referenced in the Action and any related appeal;

(h)    Any settlement-related order(s) or judgment(s) entered in this Action after the date of execution of this Settlement Agreement shall be deemed vacated and shall be without any force or effect;

(i)    All costs incurred in connection with the Settlement Agreement, including, but not limited to, notice, publication, claims administration and customer communications are the sole responsibility of Toyota and will be paid by Toyota. Neither the Class Representatives nor Class Counsel shall be responsible for any of these costs or other settlement-related costs; and

(j)    Notwithstanding the terms of this paragraph, if the Settlement is not consummated, Class Counsel may include any time spent in settlement efforts as part of any fee petition filed at the conclusion of the case, and Toyota reserves the right to object to the reasonableness of such requested fees.

### Stay/Bar of Other Proceedings

26.    Pending the Fairness Hearing and the Court's decision whether to finally approve the Settlement, no Class Member, either directly, representatively, or in any other capacity (even those Class Members who validly and timely elect to be excluded from the Class, with the validity of the opt out request to be determined by the Court only at the Fairness Hearing), shall commence, continue or prosecute against any of the Released Parties (as that term is defined in the Settlement Agreement) any action or proceeding in any court or tribunal asserting any of the matters, claims

or causes of action that are to be released in the Settlement Agreement. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and the exceptions to the Anti-Injunction Act, 28 U.S.C. § 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. Upon final approval of the Settlement, all Class Members who do not timely and validly exclude themselves from the Class shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Settlement Agreement against any of the Released Parties, and any such Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action against any of the Released Parties as provided for in the Settlement Agreement.

### General Provisions

27.  The terms and provisions of the Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Final Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Order and Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

28.  Any confidential information made available to Class Representatives and Class Counsel through the settlement process shall not be disclosed to third parties (other than experts or consultants retained by Class Representatives in connection with the Action); shall not be the subject of public comment; shall not be used by Class Representatives or Class Counsel in any

way in this litigation or otherwise should the Settlement Agreement not be achieved; and shall be returned if a settlement is not concluded.

**IT IS SO ORDERED.**

**SIGNED this 9th day of April, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE