## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JULIET MURPHY, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>        Defendants. | Consolidated Case No. 4:21-cv-00178<br>Hon. Amos L. Mazzant, III<br>**LEAD** |

### ORDER AWARDING ATTORNEYS' FEES,
### REIMBURSEMENT OF LITIGATION EXPENSES, AND SERVICE AWARDS

This matter came before the Court for a hearing on November 19, 2024 (the "Fairness Hearing") on Class Counsel's Unopposed Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards (Dkt. #138 - the "Motion") in the above-captioned action (the "Action"). The Court having considered all matters submitted to it at the Fairness Hearing and all papers filed and proceedings had herein; and it appearing that notice of the Fairness Hearing substantially in the form approved by the Court was sent by mail and email to all Class Members who could be identified with reasonable effort, and also made available on a dedicated settlement website; and the Court having considered and determined the fairness and reasonableness of the requested award of attorneys' fees, litigation expenses, and service awards,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Order incorporates by reference the definitions in the Settlement Agreement dated March 23, 2024 (the "Agreement") and all terms not otherwise defined herein shall have the same meanings as set forth in the Agreement.

2.        This Court has jurisdiction to enter this Order awarding attorneys' fees, litigation expenses, and service awards, and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.        Notice of Class Counsel's Motion was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the Motion satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.        Class Counsel, on behalf of all Plaintiffs' Counsel, are hereby awarded attorneys' fees in the amount of $13,250,000 and reimbursement of Plaintiffs' Counsel's out-of-pocket litigation expenses in the amount of $306,811.17, which sums the Court finds to be fair and reasonable. The Court also awards $5,000 to each Class Representative[1] as a service award reflecting the time, effort, and overall contribution of each Class Representative, which resulted in substantial benefits to the Class, to address the alleged Defect in approximately 1.85 million model year 2013-2018 Toyota Rav4 Vehicles (the "Class Vehicles").

5.        In making this award of attorneys' fees, litigation expenses, and service awards, all of which are to be paid by Defendants in accordance with the Agreement, (§ VIII.), and none of which shall diminish the relief the Settlement will provide to the Class, the Court has considered and found that:

      a.   the Settlement represents an exceptional recovery for the Class;

---

[1] The Class Representatives are Juliet Murphy, Ranay Flowers, Penni Lavoot, Paola Guevara, Lee Krukowski, Pamela Woodman, Kris Huchteman, Melissa Willis, Angela Charles, James Charles, Maria Mora, Nicole Sylva and Jennifer Cardelli (together, the "Class Representatives").

b.  the Settlement will resolve all outstanding claims in this Action while providing substantial relief to the Class by way of both monetary recoveries and redesigned vehicle components that specifically remedy the alleged Defect;

c.  Plaintiffs' Counsel's vigorous litigation efforts not only resulted in the relief provided in the Agreement, but were a driving force compelling Defendants to implement the Recall;

d.  the total relief provided by the Settlement (including notice and administration costs to date) is reasonably valued at up to $77.3 million;

e.  the Recall is reasonably valued at over $600 million;

f.  without the participation and efforts of the Class Representatives, the Settlement would not have occurred;

g.  Plaintiffs' Counsel undertook their representation of the Plaintiffs and the Class on a fully contingent basis, and received no compensation during the Action, and any fee and expense award has been contingent on the result achieved in the Action;

h.  the fee sought is fair and reasonable under a percentage of the value of the Settlement, with or without considering the value of the Recall; the requested fee represents just 17.1% of the value of the Settlement and a fraction of the value of the Recall;

i.  the fee sought is also fair and reasonable when considering Plaintiffs' Counsel's lodestar; Plaintiffs' Counsel have devoted over 8,776.7 hours to the investigation, prosecution, and resolution of the Action, with a resulting lodestar of $6,847,863.40; Plaintiffs' Counsel's requested fee amounts to just a 1.93 multiplier over their lodestar, which is fair and reasonable given the risks inherent to this

litigation, Plaintiffs' Counsel's efforts, and the exceptional result achieved for the Class; further, Class Counsel reasonably estimate that they will devote an additional $250,000 in time for tasks relating to administering the Settlement, which will further reduce the multiplier to 1.87;

j.  Plaintiffs' Counsel also spent $306,811.17 in costs and expenses in litigating the Action; these litigation expenses, which primarily related to automotive, economic and actuarial experts, vehicle inspections, and other discovery matters, were reasonable and necessary for the successful resolution of the Action;

k.  Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy, and are highly regarded in consumer and complex class action law matters;

l.  the Action raised a number of complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

m.  had Plaintiffs' Counsel failed to achieve the Settlement or prompt Defendants to implement the Recall, there would remain a safety risk to all Class Members regarding the approximately 1.85 million Class Vehicles; and,

n.  the service awards for each Class Representative are also fair and reasonable; notably, the relief resulting from the Settlement and the Recall would not have occurred without the time and effort of the Class Representatives.

6.  Any appeal or challenge affecting this Court's award of attorneys' fees, litigation expenses, and service awards shall in no way disturb or affect the finality of the Judgement.

4

7.      Exclusive jurisdiction is hereby retained over the Parties and Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Agreement and this Order.

8.      In the event that the Settlement is terminated, or the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Agreement.

9.      There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

**SIGNED this 19th day of November, 2024.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE